## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DEON JOHNSTON,

      Plaintiff,

v.                                                          CASE NO.:

DEPUTY SEAN M. CARLSON,
Individually/in his personal capacity;
DEPUTY MELANIE STICKNEY,
Individually/in her personal capacity;
DEPUTY JOSE P. MALDONADO,
Individually/in his personal capacity;
and NICOLE JOHNSTON

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEON JOHNSTON ("Plaintiff"), sues Defendants, DEPUTY SEAN

M. CARLSON ("Dep. Carlson"), DEPUTY MELANIE STICKNEY ("Dep.

Stickney"), DEPUTY JOSE P. MALDONADO (Dep. Maldonado), and NICOLE

JOHNSTON ("N. Johnston"), and alleges as follows:

## PARTIES JURISDICTION AND VENUE

1.    Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violation

of his rights under the Fourth and Fourteenth Amendments of the United States

Constitution.

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3.     Plaintiff is an individual who owns property and resides within the jurisdictional border of Pinellas County, Florida.

4.     Defendant, DEPUTY SEAN M. CARLSON ("Dep. Carlson"), is a police officer employed with the Pinellas County Sheriff's Office, in Pinellas County, Florida and at all times material is/was a duly sworn and licensed police officer acting under the color of law and within the scope of his employment. Dep. Carlson's badge number is 58923. Dep. Carlson is being sued in his individual capacity.

5.     Defendant, DEPUTY MELANIE STICKNEY ("Dep. Stickney"), is a police officer employed with the Pinellas County Sheriff's Office, in Pinellas County, Florida and at all times material is/was a duly sworn and licensed police officer acting under the color of law and within the scope of her employment. Dep. Stickney's badge number is 59158. Dep. Stickney is being sued in her individual capacity.

6.     Defendant, DEPUTY JOSE P. MALDONADO ("Dep. Maldonado"), is a police officer employed with the Pinellas County Sheriff's Office, in Pinellas County, Florida and at all times material is/was a duly sworn and licensed police officer acting under the color of law and within the scope of his employment. Dep.

Maldonado's badge number is 58958.  Dep. Maldonado is being sued in his individual capacity.

7.     Defendant, NICOLE JOHNSTON ("N. Johnston"), is a individual who, at all times relevant, resides in and around Pasco County, Florida and who's address is 6577 Summerfield Loop, Trinity, Florida, 34655.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are residents of and reside within Pinellas and Pasco Counties, Florida, which are located within the District.  Additionally, the events alleged herein and giving rise to claims brought herewith occurred within this judicial district.

## BACKGROUND FACTS

9.     Plaintiff and N. Johnston are currently married and going through a divorce in State Court, in Pasco County, Case No. 22-DR-004640-DRAXWS.

10.     On November 1, 2022, N. Johnston filed a Petition for Domestic Violence Injunction (the "Injunction").

11.     The final hearing for the Injunction was held on November 15, 2022, and the Court signed and entered the written order on November 15, 2022 (the "Final Order").  A true and complete copy of the Final Judgment of Injunction for Domestic Violence with Minor Children is attached hereto as **Exhibit "A."**

12.    The Court granted N. Johnston's request for an Injunction and awarded her full custody of their minor child.  The Final Order states that Plaintiff was/is not to go within: (1) 500 feet of N. Johnston's residents at 6577 SUMMERFIELD LP TRINITY FL 34655, and (2) 100 feet of N. Johnston's vehicle with knowledge.

13.    Importantly, the Order does not prohibit Plaintiff from being at or near any other location, nor does it prohibit Plaintiff from being within a certain distance of N. Johnston.

14.    Specifically, the Order does not prohibit Plaintiff from going to his place of worship, it does not prevent him from going to his minor child's school, and it does not prevent him from going to his minor child's tennis matches at the country club and neither Plaintiff's church, child's school, nor tennis matches are, or take place, within the 500-foot radius of N. Johnston's house.

15.    Plaintiff's place of worship is Harborside Christian Church and is located at 2200 Marshall Street, Safety Harbor, Florida.

16.    Plaintiff's daughter goes to school at Calvary Christian High School located at 110 North McMullen Booth Road, Clearwater, Florida.

17.    Plaintiff's daughter plays tennis at Countryside Country Club located at 3001 Countryside Boulevard, Clearwater, Florida.

*December 4, 2022 Arrest*

18.    Plaintiff was arrested on December 4, 2022, while at church, Harborside Christian Church.

19.    The Church is not within 500 feet of N. Johnston's address, and Plaintiff arrived to the Church before N. Johnston, was unaware of her arrival, and was therefore not within 100 feet of N. Johnston's car with knowledge.

20.    Upon N. Johnston arriving at the Church, she called the police claiming that Plaintiff was in violation of the Injunction because he was at Church.

21.    Dep. Carlson was the first officer to arrive on scene and when he arrived he was provided with a copy of the Injunction.

22.    After reviewing the terms and language of the Injunction, Dep. Carlson clearly explains to N. Johnston that there is nothing in the Injunction that says Plaintiff can not be at the Church.

23.    N. Johnston then stated to Dep. Carlson that the Pasco County Sheriff's Office told her that Plaintiff was not allowed within 500 feet, and Dep. Carlson responded further stating that Injunction is, "very very specific of what [Plaintiff] is not allowed to be within 500 feet of," and then explains the prohibited places to N. Johnston again.

24.    Dep. Carlson, then completely disregarded the clear language in the Injunction and arrested Plaintiff alleging in the arrest affidavit that,

> [Plaintiff] did willfully violate an injunction for protection against domestic violence, injunction number 2022DR005706DRAXWS issued by Pasco County, by showing up and attending church service at the same time as the petitioner.
>
> Despite knowing the church located at the dispatched address is the petitioner's choice of place of worship, he still showed up and attended the same service, on the same day, at the same time.   [Plaintiff] admitted to having knowledge of the injunction prior to him arriving at the church.

A true and correct copy of the Complaint/Arrest Affidavit for the December 4, 2022, arrest is attached hereto as **Exhibit "B."**

24. Plaintiff was arrested at approximately 11:30 am and was taken to the Pinellas County Jail where he was forced to stay until he was able to see a Judge the next morning.

25. Plaintiff was released on Supervised ROR the next afternoon after spending over 24-hours in jail.

26. On December 20, 2022, Kaytlin O'Sullivan, the State's attorney filed a No Information concluding that the facts and circumstances do not warrant prosecution.   A true and complete copy of the No Information for the December 20, 2022, arrest is attached hereto as **Exhibit "C."**

*February 19, 2023 Arrest*

27. Plaintiff was arrested again on February 19, 2023, and again while at his church.

29.     Still the Church is not within 500 feet of N. Johnston's address.

30.     Just as before, Plaintiff arrived at the Church before N. Johnston so he was unaware of her arrival, or even that she was there.

31.     Plaintiff arrived at the Church and walked straight into the auditorium where the service is held and choose a seat in approximately the third row towards the middle of the room.

32.     N. Johnston arrived after to the Church after Plaintiff had already taken his seat, and she walked in and went straight into the auditorium and choose a seat in the middle of the room about ten rows behind Plaintiff.

33.     Plaintiff did not see N. Johnston and did not know she was there.

34.     N. Johnston was in the auditorium for approximately three minutes then she gathered her things and left, which is when she called the police.

35.     Plaintiff was arrested at approximately 12:05 pm by Dep. Jose P. Maldonado.

36.     Again, the language and terms set forth in the Injunction Order were completely ignored and disregarded by law enforcement.

37.     Plaintiff was alleged per the arrest affidavit:

> Did willfully violate an injunction for protection against domestic violence, injunction number FL0510056 case date 2022 11 15 2114 H161110276, by the defendant violated the above DVI court order by being at a place where the petitioner was located. The [Plaintiff] while inside the church made visual contact with [N. Johnston] acknowledging that she was at the

location.  I verify the injunction was active and had been served based on this facts [sic] the [Plaintiff] was arrested for the violation.

A true and correct copy of the Complaint/Arrest Affidavit for the February 19, 2023, arrest is attached hereto as **Exhibit "D."**

38.    Upon being arrested, Plaintiff was taken to the Pinellas County Jail where he was forced to stay until he was able to see a Judge the next morning.

39.    Plaintiff was again released on Supervised ROR the next afternoon after spending over 24-hours in jail.

40.    On March 2, 2023, Kaytlin O'Sullivan, the State's attorney filed a No Information concluding that the facts and circumstances do not warrant prosecution.  A true and complete copy of the No Information for the December 4, 2022, arrest is attached hereto as **Exhibit "E."**

41.    Plaintiff was forced to hire an attorney to defend him in both criminal cases.

*Violation of 4th Amendment*

42.    The Fourth Amendment of the United States Constitution holds:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

43.    In the case of a misdemeanor, law enforcement officers must have probable cause and the misdemeanor crime must be committed in their presents, or law enforcement officers must have a warrant for the arrest.

44.    The arresting officers for both arrests did not have a warrant and they did not have probable cause that a crime was being committed in their presence.

45.    Nor did there exist even arguable probable cause for either the December 4, 2022, arrest or the February 19, 2023, arrest.

## COUNT I VIOLATION OF FOURTH AMENDMENT
(Unlawful Arrest Without Probable Cause)

46.    Plaintiff re-alleges paragraphs 1-45 as set forth above.

47.    This is an action for false arrest pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

48.    The Supreme Court has stated that the purpose of the Fourth Amendment is "'to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals.'" *INS v. Delgado*, 466 U.S. 210, 215 (1984) (quoting *United States v. Martinez-Fuerte,* 428 U.S. 543, 554 (1976)).

49.    The Supreme Court has recognized three distinct types of police-citizen interactions: (1) brief encounter between police and citizens, which require no objective justification, *see Florida v. Bostick*, 501 U.S. 429 (1991); (2) brief

investigatory stops, which must be supported by reasonable articulable suspicion, *see Terry v. Ohio*, 392 U.S. 1 (1968); and (3) arrest, which must be supported by probable cause, *see Brown v. Illinois*, 422 U.S. 590 (1975). This case involves the later most type of encounter.

50. Dep. Carlson and Dep. Stickney (on the December 4, 2022, arrest), and Dep. Maldonado (on the February 19, 2023, arrest), while acting in their capacity as law enforcement officers for the Pinellas County Sheriff's Office, did deprive Plaintiff of his civil, constitutional, and statutory rights under the color of law and are each liable to Plaintiff under 42 U.S.C. § 1983.

51. Dep. Carlson and Dep. Stickney (on the December 4, 2022, arrest), and Dep. Maldonado (on the February 19, 2023, arrest), by their conduct, deprived Plaintiff of his rights to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution, incorporated against state entities by the Fourteenth Amendment to the United States Constitution.

52. To the extent that Dep. Carlson and Dep. Stickney (on the December 4, 2022, arrest), and Dep. Maldonado (on the February 19, 2023, arrest), relied upon N. Johnston's statements or claims in making the arrests of Plaintiff, such reliance was objectively unreasonable under the circumstances.

53. Officers can rely on reasonably credible information from the victim or an eyewitness to establish probable cause, unless, at the time of the arrest, there

is an apparent reason for the officer to believe that the eyewitness was lying, did not accurately describe the scene, or was in some fashion mistaken regarding the recollection or facts. *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999).

54.     Any reliance on N. Johnston's claims of violations on the part of Plaintiff, were not reasonable because the Defendant Officers had access to and read the Injunction and there was no language in the Inunction that prohibited or prevented Plaintiff from being at Church regardless of whether N. Johnston was there or not.

55.     "A police officer may not close her or his eyes to facts that would help clarify the circumstances of an arrest," *Sornberger V. City of Knoxville*, 434 F.3d at 1016 (quoting *BeVier v. Hucal*, 806 F.2d 123, 128 (7th Cir. 1986)), and police must pursue reasonable avenues of investigations, *BeVier*, 806 F.2d at 128.

56.     Dep. Carlson and Dep. Stickney (on the December 4, 2022, arrest), and Dep. Maldonado (on the February 19, 2023, arrest), falsely and improperly arrested Plaintiff without probable cause and without an arrest warrant.

57.     Neither of the two arrests of Plaintiff were reasonable and the totality of evidence actually in the possession of the officers would not lead an objectively reasonable officer to conclude that a crime was committed.

58.     Plaintiff has been and continues to be damaged as a result of the wrongful acts of Dep. Carlson and Dep. Stickney (on the December 4, 2022, arrest), and Dep. Maldonado (on the February 19, 2023, arrest).

WHEREFORE Plaintiff, DEON JOHNSTON, respectfully requests this Court enter judgment against Defendants, Dep. Carlson, Dep. Stickney, and Dep. Maldonado, for damages, interest, an award for attorney fees and costs pursuant to 42 U.S.C. § 1988 all other relief that is just and proper.

<u>**COUNT II – MALIOUS PROSECUTION**</u>
(Against Defendant, N. JOHNSTON )

59.     Plaintiff re-alleges paragraphs 1-45 as set forth above.

60.     This is an action for the tort of malicious prosecution against Defendant, N. Johnston.

61.     N. Johnston instituted and commenced criminal proceedings against Plaintiff, which lead to the arrest of Plaintiff on two separate occasions.

62.     N. Johnston called the police on December 4, 2022, and wrongfully alleged that Plaintiff was in violation of the Injunction Order.

63.     On February 19, 2023, N. Johnston called the police again and again wrongfully alleged that Plaintiff was in violation of the Injunction Order.

64.     Those are not the only two times that N. Johnston called the police trying to get Plaintiff arrested.

65.    N. Johnston has called the police numerous times against Plaintiff claiming that he is in violation of the Injunction when he clearly is not.

66.    N. Johnston was on notice of the terms and conditions set forth in the Injunction Order just as Plaintiff was on notice of the same.  Not only was N. Johnston present at the November 15, 2022, hearing at which the Injunction Order was entered, she also signed the final page of the Injunction Order acknowledging receipt of a certified copy.

67.    If N. Johnston did not know what prohibitions were in the Injunction Order prior to the December 4, 2022, arrest, she clearly knew afterward.

68.    On January 31, 2023, N. Johnston drafted and signed under oath, an Addendum to Pro Se Form that she filed in the Injunction case in Pasco County, Florida (the "Addendum").

69.    In the very first sentence of the Addendum N. Johnston states that she would like to "add more specifics to [her]granted injunction," and one of the places she seeks to add is their church thereby acknowledging that the Injunction Order did not preclude or prevent Plaintiff from being at church, a place that she has called the police twice for him being there.

70.    Then on February 20, 2023, N. Johnston files a Motion for Modification also in the Injunction case where in she again acknowledges that Plaintiff is not prohibited from being at church, their daughter's school, or the

county club where their daughter plays tennis. A true and complete copy of the Motion for Modification is attached here to as **Exhibit "F."**

71.     In Section III, 3. N. Johnston states that she would like to add the Harborside Christian Church, the Countryside Country Club, and Calvary Christian to the injunction, because "the states attorney in Pinellas County stated to [her] the [Plaintiff] is allowed to come to these places unless they are stated specifically in [the] injunction."

72.     N. Johnston signed the Motion for Modification under oath and swore under penalty of perjury and punishment to the truthfulness of the statements made therein.

73.     N. Johnston knew Plaintiff was not prohibited from being at their church and called the police anyway leading to Plaintiff's arrests.

74.     Notably, N. Johnston was/is selective with when she called the police regarding Plaintiff's whereabouts.  Some Sundays N. Johnston, knowing Plaintiff was at the Church would not call the police, while on other Sundays she would call the police.

75.     Plaintiff faced criminal prosecution on two separate occasions and now has a criminal record that has damaged his reputation.

76.     By being arrested at his church, Plaintiff was humiliated and embarrassed in front of his friends, peers, and colleagues.

77. The arrests have caused Plaintiff harassment and embarrassment in his professional life as well, including, but not limited to his place of work.

78. N. Johnston has and continues to threaten Plaintiff with calling the police to have him arrested for violating the injunction when he is in places he is not prohibited from being, such as work, church, the grocery store, his child's school, and his child's sporting events.

79. Plaintiff had no criminal history and now, at the hand of N. Johnston, he has two arrests for violation of domestic violence injunction on his record which may not be able to be expunged and regardless, in his line of work will likely have to be disclosed regardless.

80. Plaintiff has been forced to hire a defense attorney as a result of both arrests and he had to expend considerable additional funds fighting for his rights.

81. Plaintiff now has a fear of leaving his residents for fear that he will be arrested, and he has to carry a packet of paperwork with him everywhere he goes.

82. The actions of N. Johnston in initiating and commencing the criminal proceedings against Plaintiff were malicious.

83. Both arrests were resolved in Plaintiff's favor because the State Attorney filed a No Information in both matters.

84. As a direct and proximate result of the malicious prosecution of N. Johnston, Plaintiff has been and continues to be damaged.

WHEREFORE Plaintiff, DEON JOHNSTON, demand judgement be entered against Defendant, Nicole Johnston, damages, costs, interest and all other relief that is just and proper.

### COUNT III – DEFAMATION PER SE
(Against Defendant, N. JOHNSTON)

85.    Plaintiff re-alleges paragraphs 1-45 as set forth above.

86.    This is an action for defamation per se against Defendant, N. Johnston.

87.    N. Johnston defamed Plaintiff by telling third parties that Plaintiff violated a domestic violence injunction, by telling third parties that Plaintiff poisoned her dog, drugged and roofied her, and by telling third parties that Plaintiff tried to run her over with his car.

88.    Each of the statements made by N. Johnston about Plaintiff was and is false and untrue.

89.    At the time each of the statements were made, N. Johnston knew the statements to be false and untrue.

90.    N. Johnston made the false statements with the intent to hurt and tarnish Plaintiff's reputation within and amongst the community.

91.    Plaintiff has been and still is being damaged by the false statements made by N. Johnston.

WHEREFORE Plaintiff, DEON JOHNSTON, demands judgment be entered against Defendant, Nicole Johnston, an award for damages, costs, interest and all other relief that is just and proper.

**<u>JURY TRIAL DEMAND</u>**

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 20, 2023

/s/ Kyle D. Bass
Kyle D. Bass (FBN 122158)
Jeremy D. Bailie (FBN 118558)
**WEBER, CRABB & WEIN, P.A.**
5453 Central Avenue
St. Petersburg, FL 33710
Telephone: (727) 828-9919
Facsimile: (727) 828-9924
Primary Emails:
kyle.bass@webercrabb.com
jeremy.bailie@webercrabb.com
Secondary Emails:
carol.sweeney@webercrabb.com
honey.rechtin@webercrabb.com

*Attorneys for Plaintiff*