UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEON JOHNSTON,

    Plaintiff,

v.                                                 CASE NO. 8:23-cv-617-SDM-AEP

DEPUTY SEAN M. CARLSON, et. al.,

    Defendant.
_____/

**ORDER**

After suffering two allegedly wrongful arrests, Deon Johnston sues Deputy Sean Carlson, Deputy Melanie Stickney, and Deputy Jose Maldonado and alleges that each defendant infringed Deon's right under the Fourth Amendment to freedom from an unreasonable seizure. An earlier order (Doc. 28) dismisses the plaintiff's complaint for failure to state a claim and allows the plaintiff to amend the complaint. The plaintiff amends (Doc. 30) the complaint, and the defendants again move (Doc. 31) to dismiss. The plaintiff responds (Doc. 40).

**BACKGROUND**[1]

Nicole Johnston, Deon's wife, secured a domestic-violence injunction against Deon. (Doc. 30-1) Under the injunction, Deon (1) "shall have no contact" with

---

[1] This order presumes true, and construes favorably to Deon, the following facts, which the complaint alleges. Because the earlier order (Doc. 28) thoroughly recites the allegations in this action, this order includes only facts necessary to the analysis.

Nicole; (2) "shall not directly or indirectly contact [Nicole] in person by mail, e-mail, fax, telephone, through another person, or in any other manner"; (3) "shall not contact or have any third-party contact anyone connected with [Nicole's] employment or school to inquire about [Nicole] or to send any messages to [Nicole]"; (4) shall go nowhere "within 500 feet of [Nicole's] current [or future] residence"; and (5) shall go nowhere knowingly within 100 feet of [Nicole's] automobile." (Doc. 30-1 at 2–3)

On December 4, 2022, Deon arrived at Harborside Christian Church and sat near the front of the church. (Doc. 30 at ¶ 23) Nicole arrived at the church sometime after Deon. (Doc. 30 at ¶ 27) Deon remained unaware of Nicole's presence. (Doc. 30 at ¶ 27) But believing that Deon's presence at the church violated the injunction, Nicole notified law enforcement. (Doc. 30 at ¶ 29) Deputy Carlson responded to Nicole's call. (Doc. 30 at ¶ 30) Upon Deputy Carlson's arrival at the church, Nicole furnished Deputy Carlson with a copy of the injunction. (Doc. 30 at ¶ 30) Because of his initial uncertainty after reviewing the injunction, Deputy Carlson conferred with Deputy Stickney, who arrived shortly after Deputy Carlson, to determine if Deon's presence violated the injunction. (Doc. 30 at ¶ 33) Deputy Carlson proceeded to arrest Deon and signed an arrest affidavit, which states that Deon willfully violated the injunction. (Doc. 30 at ¶ 34)

On February 19, 2023, Deon again arrived at Harborside, and Nicole arrived at Harborside after Deon. (Doc. 30 at ¶ 45) Deon remained unaware of Nicole's presence. (Doc. 30 at ¶ 48) But believing that Deon violated the injunction, Nicole notified law enforcement. (Doc. 30 at ¶ 49) Deputy Jose P. Maldonado arrived at

the church and arrested Deon. (Doc. 30 ¶ 55) Deputy Maldonado signed an arrest affidavit, which states that Deon willfully violated the injunction and that Deon made eye contact with Nicole. (Doc. 30 at ¶ 57)

Deon sues Deputy Carlson, Deputy Stickney, and Deputy Maldonado and asserts that because each deputy arrested Deon without probable cause, each deputy violated Deon's rights secured by the Fourth Amendment. The defendants moved (Doc. 14) to dismiss an earlier version of the complaint (Doc. 12). An earlier order (Doc. 28) grants the motion because the earlier complaint constitutes a shotgun pleading and because the earlier complaint fails to allege facts that defeat the defendants' qualified immunity. About qualified immunity, the earlier order concludes that each deputy "had 'arguable probable cause' to believe that the defendant committed a crime." The order permits Deon to amend the complaint.

Deon amends (Doc. 30) the complaint. Each defendant moves (Doc. 31) to dismiss the new complaint and argues that Deon fails to state a claim against any defendant and, in any event, that qualified immunity protects each defendant. Deon responds (Doc. 40) and attempts to refute each of the defendants' arguments.

## ANALYSIS

Because the earlier order determines that the facts alleged in the earlier complaint fail to state a claim, Deon's latest complaint must allege new, legally significant facts for this complaint to rectify the earlier complaint's failures. But the

amended complaint alleges no new facts that alter the legal analysis. Thus, the earlier order's analysis and conclusion stand.

Quoting *Scarbrough v. Myles*, 245 F.3d 1299, 1302 (11th Cir. 2001), the earlier order states that "[t]o defeat a deputy's qualified immunity, Deon must allege facts plausibly showing that the deputies lacked 'arguable probable cause' to arrest [Deon]." Further, "arguable probable cause exists if 'reasonable officers in the same circumstances and possessing the same knowledge as the [defendants] could have believed that probable cause existed to arrest.'" The earlier order notes that a reasonable mistake of law insulates a deputy from liability, and the parties disagree "about whether Deon's presence in the church amounted to a crime authorizing his arrest. Specifically, the parties disagree about whether Deon violated Section 741.31, Florida Statutes."

Section 741.31, Florida Statutes establishes as a crime a person's violating an injunction by "[g]oing to, or being within 500 feet of . . . a specified place frequented regularly by the petitioner," or by "contacting . . . the petitioner directly or indirectly." After describing the circumstance that each defendant confronted, the earlier order concludes that a reasonable officer in each of the defendants' circumstances could infer reasonably that Deon violated Section 741.31. For the reasons stated in the earlier order, this order concludes the same. Also, Deputy Carlson and Deputy Maldonado confronted Deon on separate days but under the same circumstance, and each deputy decided to arrest Deon. Each deputy's decision — based on the same circumstance — to arrest Deon reinforces the objective reasonableness of Deon's

- 4 -

arrest. Further, no facts in the complaint allege that Deputy Stickney participated in Deon's arrest.

Deon alleges (in a conclusory manner) that at the church Deon had no contact with Nicole and that Deon notified the officers about the absence of a knowing or intentional contact with Nicole. But these new allegations evidence only that Deon violated neither the injunction nor the criminal statute. As the earlier order states, "Although prolonged debate might resolve . . . that Deon's violation of the 'no contact' prohibition amounted to no violation of Florida's criminal law, the deputies['] mistake was at least reasonably arguable."

## CONCLUSION

For these reasons and others stated by the defendants, the defendants' motion to dismiss (Doc. 31) is **GRANTED**. The complaint (Doc. 30) is **DISMISSED**. The clerk must close the case.

ORDERED in Tampa, Florida, on February 23, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE